**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4225**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

BRADLEY THOMAS WALLACE,

             Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:05-cr-00062-RJC-CH-2)

Submitted:  December 22, 2010       Decided:  March 17, 2011

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North
Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Thomas Wallace appeals the eighty-one-month sentence imposed following his guilty plea to thirteen counts of possessing counterfeit securities, in violation of 18 U.S.C. § 513(a) (2006); two counts of receiving and possessing stolen mail, in violation of 18 U.S.C. § 1708 (2006); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006). Counsel for Wallace filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review, but questioning whether the district court erred when it upwardly departed two levels upon finding that Wallace coerced a codefendant's participation in the criminal scheme by threatening to kill him, and later attempted to convince him to take full responsibility for the crimes. Wallace received notice of his right to file a pro se supplemental brief, but did not file one. Because we find no meritorious grounds for appeal, we affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). This Court must first ensure that the district court committed no significant procedural error, such as "'failing to calculate (or

2

improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51) (alterations and footnote omitted). "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 2, 2010) (No. 10-5258).

The presentence report assigned Jones an obstruction of justice enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1. (2005). The Government moved for an upward departure, based on its assertion that Wallace threatened to kill Lee Jones if Jones did not participate in the criminal activity, and later tried to get Jones to take full responsibility for the crimes. The district court found the Government's factual allegations to be accurate. In addition, the court found that this conduct warranted a two-level upward departure, pursuant to USSG § 5K2.(a)(1), p.s., which provides that a court "may depart from the applicable guideline range if

3

. . . there exists an aggravating or mitigating circumstance . . . of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described."  Under this provision, a departure may be warranted "even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of . . . that which ordinarily is involved in that kind of offense."  USSG § 5K2.0(a)(3), p.s.

In this case, the court found that Wallace's obstructive conduct was of a kind and to a degree not adequately considered by the obstruction enhancement, and thus warranted a two-level upward departure.  Our review of the record convinces us that the district court's decision to depart and the extent of the departure were reasonable.  See United States v. Ventura, 146 F.3d 91, 97-98 (2d Cir. 1998) (justifying departure based on multiple, unrelated acts of obstruction); United States v. Furkin, 119 F.3d 1276, 1283-85 (7th Cir. 1997) (approving upward departure for multiple acts of obstruction, including threatening witnesses).

4

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wallace, in writing, of the right to petition the Supreme Court of the United States for further review. If Wallace requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wallace.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>